**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

Case No.



U.S. District Court
Wisconsin Eastern

DEC 1 1 2024

FILED
Gina M. Colletti, Clerk

**CEDRIC GREENE,**
*Plaintiff,*

**Vs.**

**EASTSIDE ORTHOPEDIC MEDICAL ASSOCIATES,**
*Defendant.*

**24-C-1599**

## PETITION FOR INJUNCTION; *PRO SE* CIVIL COMPLAINT

Cedric Greene
501 East 6TH Street
Los Angeles, California 90021
Tel: (323) 972- 9966
*Email: Cedricgreene33@yahoo.com*

1

## THE *PROPOSED* INJUNCTION RELIEF OF CEDRIC GREENE

**Greene Petition's the Eastern District of Wisconsin** under *Federal Rules of Civil Procedure 65(a)(1).*

He's respectfully asking for an order from the Federal level that would allow the previous state to transmit the case file to this Court for "continuation purposes". The cause of action civil tort was originally presented to the Colorado legal system during the calendar year of 2020, but Greene subsequently got banned in that legal system from pursing *pro se civil matters.* The case then obtained a self-transition to the Nevada's 8th district on a filing date of February 23, 2023, and under civil case *A-23-866156.* The continued processing delays of Greene's submissions was the Constitutional issue in that Nevada legal district. In his notice of appeal papers to Nevada's 8th district, he spoke about a conversation he had with a courtroom deputy on the date of October 10, 2023. *Greene also spoke about the transfer papers he presented in regards to that 8th district matter.*

Greene's submissions to the 8th district were far before the venue appointed representatives for Eastside Orthopedic, but the Nevada venue was delaying his filings on a repeated basis. That's one reason why we are seeking an injunction for transmittal. Another reason transmittal should be approved is for the purpose of obtaining records from the Nevada Appeals venue. Their Appeals venue assigned a case number of *87735.* In the appeals court *order of affirmance* of August 26, 2024, they conceded that *appointed Attorney's for Eastside Orthopedic appeared in a delayed manner.*

They also conceded that Greene's filings were delayed by that Nevada District. That's essentially *just cause basis to transfer,* but the 8TH District in Nevada declined on insufficient basis. Why would Greene attempt to proceed in a legal venue that declines to honor his Constitutional Rights? In a *Petition For Rehearing* submission, the Appeals venue had stricken the *pro se pleading* on September 16, 2024, on insufficient pro se grounds, *and saying that the Rehearing Submission didn't fall within the guidelines of their submission rules. We also felt that the 14- day correction window* was pro se unreasonable given the mailing situation that the venue refused to take into account.

Being that it was an unreasonable alleged correction window and they started the process of having extreme issues with Greene's *pro se material,* a transfer solution was presented to the Nevada Appeals venue so that Greene could work in a venue that was going to be more sensitive to the

manner in which he wished to present his *pro se material.* We were also in discussions with the *proposed transferee venues that were more* pro se friendly than the Nevada Appellate Courts.

Unfortunately for Greene they went against honoring the transfer request on October 31, 2024, claiming that the relief that Greene was seeking to them was unclear. If his relief was so unclear as they had alleged, they could have sought further clarification. They also could have verified if the proposed transferee appeals venues were in agreement to accept the *pro se appeal of Mr. Greene.*

They made the personal choice to decline doing any of the foregoing. They also became extremely dysfunctional with Greene when he was making a professional transfer request. They ended the process in their venue by issuing their remittitur on November 13, 2024. That's why we will ask that a transmittal of the case records be granted to prevent *unfair claims direct at Greene on* unreasonable terms, because a transfer solution was presented to the other venue in good faith.

## STATEMENT OF THE CIVIL TORT COMPLAINT OF CEDRIC GREENE

Greene's past medical group issued an authorization approval letter for him to obtain pain management treatment by a medical doctor at *Eastside Orthopedic Medical Associate.* The approval letter was dated for May 5, 2020. *Eastside Orthopedic* requested medical records of past treatments to set up Greene's appointment, and medical records were provided upon the request of the *Orthopedic Medical Associates.* On July 1, 2020, Greene's past medical group reached out to Eastside Orthopedic in efforts to schedule him an appointment to see the pain management doctor.

Eastside Orthopedic informed the medical group that they would rather for Greene to be treated at another location. Greene had been making a valued effort to obtain treatment from the facility since the May 5th, 2020 date that his medical authorization was approved, and never once did Eastside Orthopedic communicate to him that they were against treating his medical needs. They didn't even communicate that information to the other medical professionals that were providing the medical records for evaluation reasons. *They also didn't redirect the approval letter for Greene to obtain treatment by another pain management provider under the medical group of Greene the patient.*

3

*They simply "denied" and "delayed" Greene's medical treatment until the July 1, 2020 date that Greene's past medical group spoke to them in efforts to have Greene's pain management needs treated.*

## <u>RELIEF</u>

In his request for injunction, he ask that records from the state court venue be transmitted over to this venue for continuation purposes, but we admit that the process would have been much easier had the appeals venue of Nevada worked with a pro se litigant in good faith rather than striking pro se submissions on *unfriendly and inconsiderate terms.* In terms of the civil damages directed at *Eastside Orthopedic,* we seek a civil judgment in the sum of *$100, 000.00* for reasons set forth in the civil tort case that could have been resoled in Colorado had *Greene not obtained a statewide ban.*

**DATED this** *7th day of December, 2024.*                          **Signed by:** *Cedric Greene Jr.*

4